SEYFARTH SHAW LLP
Pamela Q. Devata (*pro hac vice* forthcoming)
pdevata@seyfarth.com
John W. Drury (*pro hac vice* forthcoming)
jdrury@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Nicole Baarts (SBN 226733)
nbaarts@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
CHECKR, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS EGAN and RAYMOND RATLIFF, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>CHECKR, INC.,<br><br>         Defendant. | Case No. _____<br><br>**DEFENDANT CHECKR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. §§ 1331, 1441, 1446]<br><br>Trial Date:   Not Set<br>Date Action Filed:   October 10, 2017<br>Summons/Complaint Served:  October 23, 2017 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS CORNELIUS EGAN AND RAYMOND RATLIFF AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant CHECKR, INC. hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, to effect the removal of the above-captioned action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, and states that removal is proper for the reasons set forth below.

## PLEADINGS, PROCESSES, AND ORDERS

1.     On October 10, 2017, Plaintiffs CORNELIUS EGAN and RAYMOND RATLIFF ("Plaintiffs") filed a purported Class Action Complaint For Damages against Defendant CHECKR, INC. ("Defendant") in the Superior Court of California, County of San Francisco, entitled *Cornelius Egan and Raymond Ratliff, on behalf of themselves and all others similarly situated v. Checkr, Inc.*, Case No. CGC 17-561786.

2.     Plaintiffs' Complaint purports to allege claims for relief against Defendant stemming from Defendant's alleged preparation of consumer reports on individuals like Plaintiffs.  Plaintiffs base their claims on alleged violations by Defendant of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, as well as the FCRA's California counterpart, the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.*

3.     All process, pleadings, notices, and orders served upon Defendant in this action are attached as **Exhibit A** pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

## TIMELINESS OF REMOVAL

4.     On October 23, 2017, Plaintiffs provided Defendant with the Summons and Complaint by pursuant to Code of Civil Procedure § 415.30 on October 11, 2017.  Defendant signed and returned to Plaintiffs the Notice of Receipt and Acknowledgment of Summons on October 23, 2017, thus effectuating service of the Summons and Complaint

5.     This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

## BASIS FOR REMOVAL

### FEDERAL QUESTION JURISDICTION

6.     28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action

based on federal question jurisdiction in that Plaintiffs' Complaint asserts claims under the FCRA, 15 U.S.C. § 1681 *et seq*., a federal statute.

8.    Specifically, Plaintiffs assert an alleged failure by Defendant to follow reasonable procedures in purported violation of 15 U.S.C. § 1681e(b).  (**Exhibit A**, Complaint at ¶¶ 56-61.) Accordingly, this action presents a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal of Plaintiffs' Complaint is proper.

## VENUE

9.    Defendant's principal place of business is in the County of San Francisco.  (*See* **Exhibit A**, Complaint at ¶ 9.)  The County of San Francisco lies within the jurisdiction of the United States District Court for the Northern District of California.

10.    Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a).  This action was originally brought in the Superior Court of the State of California, County of San Francisco and thus should be removed to the San Francisco or Oakland Division of this Court per Civil Local Rules 3-2(c) and (d).

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

11.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

NOTICE OF REMOVAL BY DEFENDANT CHECKR, INC.

DATED: November 22, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By:    /s/ Nicole Baarts

Pamela Q. Devata (*pro hac vice* application forthcoming)
John W. Drury (*pro hac vice* application forthcoming)
Nicole Baarts
Attorneys for Defendant
CHECKR, INC.

NOTICE OF REMOVAL BY DEFENDANT CHECKR, INC.

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHECKR, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CORNELIUS EGAN and RAYMOND RATLIFF, on behalf of
themselves and all others similarly situated

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Francisco Superior Court | CASE NUMBER:<br>*(Número del Caso):*  CGC - 17 - 561786 |
|---|---|

400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carolyn Hunt Cottrell, 2000 Powell Street, Suite 1400, Emeryville, CA 94608; 415-421-7100

| DATE:<br>*(Fecha)*  OCT 1 0 2017 | Clerk of the Court<br>Clerk, by<br>*(Secretario)*  NEYL WEBB | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**BY FAX**
ONE LEGAL LLC

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Carolyn H. Cottrell (SBN 166977)<br>Schneider Wallace Cottrell Konecky Wotkyns LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>TELEPHONE NO.: 415-421-7100    FAX NO.: 415-421-7105<br>ATTORNEY FOR *(Name)*: Cornelius Egan & Raymond Ratliff | ENDORSED<br>**F I L E D**<br>*San Francisco County Superior Court*<br><br>OCT 1 0 2017<br><br>CLERK OF THE COURT<br>BY:_____<br>NEYL WEBB<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Egan, Ratliff v. Checkr, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC - 17 - 5 6 1 7 8 6<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX
ONE LEGAL LLC

Date: October 9, 2017

Carolyn Hunt Cottrell
*(TYPE OR PRINT NAME)*          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

E. Michelle Drake*
Joseph C. Hashmall*
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999; Fax: 612.584.4470
emdrake@bm.net
jhashmall@bm.net
*pro hac vice forthcoming

Attorneys for Plaintiffs

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 0 2017

CLERK OF THE COURT
BY: _____ NEYL WEBB
Deputy Clerk

BY FAX
ONE LEGAL LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| CORNELIUS EGAN and RAYMOND RATLIFF, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CHECKR, INC.<br><br>        Defendant. | Case No. **CGC - 17 - 561786**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*<br><br>(2) Violation of Cal. Civ. Code § 1786.20(b)<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Cornelius Egan and Raymond Ratliff ("Plaintiffs"), by and through their

attorneys, on behalf of themselves and the Classes set forth below, bring the following Class

Action Complaint against Checkr, Inc. ("Checkr" or "Defendant").

1

## INTRODUCTION

2      1.      This consumer class action is brought under the Fair Credit Reporting Act,

3   15 U.S.C. § 1681, *et seq*. ("FCRA") against a screening company that routinely violates the

4   FCRA's basic protections by failing to follow reasonable procedures to ensure that the

5   driving record information it reports is accurate and reportable under the law.

6      2.      Recognizing that the content of consumer reports can have a significant

7   impact on people's lives, Congress has chosen to regulate the procurement, use, and content

8   of those reports through the FCRA.

9      3.      Plaintiffs seek to hold Defendant accountable for its willful and systemic

10  violations of the FCRA.  Defendant has willfully violated the FCRA by inaccurately

11  characterizing consumers' driving history, damaging their ability to obtain driving-related

12  employment.

13     4.      Defendant's failure to accurately report driving history is illustrated by the

14  experience of Plaintiff Egan, who was reported by Checkr as having an insufficient driving

15  history to allow him to drive for Uber.  In truth, Plaintiff Egan had been driving for several

16  years and easily met Uber's qualification requirements, but Checkr simply failed to research

17  Egan's driving history in his prior state of residence.

18     5.      Plaintiff Ratliff's experience further illustrates the problem.  Plaintiff Ratliff

19  was reported by Checkr as having an insufficient driving history to drive for Uber, because

20  Checkr purchased the wrong record from the Pennsylvania Department of Transportation.

21  Checkr purchased what is called a "Three Year Driving Record" when it could and should

22  have purchased a more expensive, but more complete, driving record.  The Three Year

23  Driving Record only lists the most recent driver's license renewal date, and does not list the

24  date the license was originally obtained.  Moreover, Checkr's reports fail to acknowledge

25  this critical difference between renewal dates and issue dates, thereby causing Plaintiff

26  Ratliff's driving history to appear shorter than it in fact was and dooming his application to

27  Uber.

28

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

6.     On the basis of these inaccuracies, Plaintiffs bring claims under 15 U.S.C. § 1681e(b), and the parallel California statute, both of which require consumer reporting agencies to follow reasonable procedures to "assure maximum possible accuracy."

## THE PARTIES

7.     Plaintiff Cornelius Egan is an individual person and a resident of San Diego, California.

8.     Plaintiff Raymond Ratliff is an individual person and a resident of Pittsburgh, Pennsylvania.

9.     Defendant Checkr, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

10.     Plaintiffs are "consumers" and Defendant is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and Cal. Civ. Code § 410.10.

12.     Venue is proper in the County of San Francisco as Defendant is headquartered in this County.

## STATUTORY BACKGROUND

13.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for employment or housing.  Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

14.     Recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports.  15 U.S.C. § 1681.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

15.     15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to assure the maximum possible accuracy of the information they report.

**<u>ALLEGATIONS RELATING TO PLAINTIFF EGAN</u>**

16.     In October 2015, Plaintiff Egan applied to be a driver for Uber.  As a part of that application, Uber obtained a background check from Checkr on October 19, 2015.

17.     Plaintiff Egan's application was denied, based on Checkr's report.

18.     Checkr's report indicated that Egan had an insufficient driving history, stating that a "driver must have 1+ year of licensing if 23 or older, 3+ years of licensing if 21 or 22 years old."  (Ex. A.)

19.     On the "Motor Vehicle Record" section of the report, Checkr listed the "First Issued Date" of Plaintiff Egan's license as January 1, 2015.  (Ex. B at 2-3.)  This was incorrect.

20.     In fact, Plaintiff Egan had first obtained a driver's license in 2008, in his native state of Florida.  He had obtained a California driver's license in 2015, when he was first stationed in San Diego by the military.

21.     Checkr's report also included two speeding tickets for Plaintiff Egan, but Plaintiff Egan actually only had one speeding ticket—Checkr's report included the same ticket twice, making it appear that Egan had two tickets, when in reality he only had one. (Ex. B.)

22.     Checkr's errors were easily avoidable.  Checkr was aware that Plaintiff Egan had a connection to Florida – Checkr listed two Florida addresses on the "Addresses" section of the report, and the 2009 speeding ticket Checkr reported was from Florida as well. (*Id.* at 1-2.)

23.     Despite knowing that Plaintiff Egan had lived and driven in Florida, Defendant did not research Florida records to determine if Plaintiff Egan had ever held a Florida license.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

24.     Defendant should have been aware that Plaintiff Egan's report was inaccurate because Defendant knew Egan had lived and driven in a different state, and because Egan's traffic charges did not include any reference to him driving without a license.

25.     Defendant should have investigated whether Plaintiff Egan had a drivers' license from Florida because Defendant knew Egan had previously lived and driven in Florida.

26.     Defendant's failure to investigate whether Plaintiff Egan had a license from Florida was unreasonable.

27.     Defendant's failure to investigate Plaintiff Egan's Florida license resulted in Egan's driving history appearing seven years shorter than it actually was when Checkr issued its report to Uber, dooming Plaintiff Egan's application.

28.     Defendant also could have easily discerned that it was reporting the same speeding ticket twice on a single report, as the two entries appear on the report with exact same information listed for the Case Number, Jurisdiction, File Date, Charge Date, Offense Date, Disposition Date, Classification and Sentence.  (*See* Ex. B.)

29.     At the time of the denial, Plaintiff Egan was too busy with his military obligations to follow up with Checkr, but in July of 2016, he contacted Checkr to dispute its results.

30.     Checkr eventually issued a revised report, containing the correct driving history, but Checkr's initial misreporting delayed Plaintiff Egan's ability to drive for Uber, costing Plaintiff Egan income and causing him emotional distress.

## **ALLEGATIONS RELATING TO PLAINTIFF RATLIFF**

31.     Plaintiff Ratliff began driving for Uber in 2015, but subsequently took some time off from work.  In 2016, he sought to resume driving for Uber, causing Uber to obtain a background check on him from Checkr in January of 2017.  (Ex. C.)

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

32.    In the report, Checkr flagged Plaintiff Ratliff's driver's license as "suspended" and also flagged him as having an "insufficient driving history." (Ex. C at 3.) Plaintiff Ratliff's license has never been suspended.

33.    The driving history reported by Checkr goes back to January 28, 2016, listed on the report as the "Issued Date" of Ratliff's license. (*Id.*) The field for "First Issued Date" is blank. (*Id.*) This is why Checkr flagged Plaintiff Ratliff as having insufficient driving history.

34.    The record that Checkr based its report on is a "Three Year Driving Record" from the Pennsylvania Department of Transportation. (Ex. D.) This record shows that Plaintiff Ratliff most recently *renewed* his license on January 28, 2016. (*Id.*)

35.    However, if Checkr had requested a "Full Driving Record" and/or contacted the Department for the information, rather than simply requesting a Three Year Driving Record, it would have learned that Plaintiff Ratliff had held driver's license since at least 1979. (Ex. E.)

36.    Checkr's policy, to request only the Three Year Driving Record for Pennsylvania drivers, and to do no follow up when no original issue date is provided, is unreasonable because it runs a substantial risk of understating the amount of time someone has held a driver's license.

37.    Plaintiff Ratliff has visited his local Uber offices in an attempt to clear this matter up, but has not received a final determination from Uber regarding whether he will be allowed to continue to drive for them. At best, Checkr's reporting has delayed his application for months, costing him income. At worst it has caused the failure of his application, seriously impairing his livelihood.

## ALLEGATIONS RELATING TO DEFENDANT'S PRACTICES

38.    As a matter of routine, Defendant only procures information on an applicant's most recent license.

39.     For many states, including Pennsylvania, Defendant does not procure information on the original date on which an individual's license was issued, instead reporting only the date on which the license was most recently renewed.

40.     Defendant routinely fails to procure information on licenses an applicant may have held in states other than the state in which they are presently licensed, even when it is apparent from the face of Defendant's own reports that individuals have previously held licenses in other states.

41.     At its clients' instruction, Defendant labels applicants as having insufficient driving histories based on this incomplete information.

42.     At its clients' instruction, Defendant sends applicants letters telling them that their insufficient driving history will harm their employment prospects.

43.     At its clients' instruction, Defendant also sends follow-up letters to applicants telling them that they are not being hired based on their insufficient driving histories.

44.     Despite knowing that inaccurate reporting of a short driving history can make or break a consumer's job prospects, Defendant fails to obtain information about applicants' entire driving history.

45.     It would be a simple matter for Defendant to require its clients, like Uber, to ask all applicants to identify every state in which they have held a driver's license so that Checkr could verify licenses in all those states.  Yet, Checkr fails to take this rudimentary step.

46.     Defendant has received complaints and disputes from consumers other than Plaintiffs about this issue and knows that its reports are frequently inaccurate on this issue. For that reason, Defendant has created a field on its reports where it "infers" a first issue date, knowing that it has not received any records from original sources (such as state DMVs) that support the "inferred" date.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ALLEGATIONS

47.    Plaintiff Egan asserts Count I on behalf of the Driver's License Dates Class defined below:

> All natural persons about whom Defendant produced a consumer report within two years of the filing of this matter where: 1) the person disputed the date Defendant identified as the "first issued" driver's license date, and 2) Defendant subsequently corrected the person's report to identify an earlier "first issued" date

> **AND**

> All natural persons about whom Defendant produced a consumer report within two years of the filing of this matter where 1) Defendant's report included a traffic charge, and 2) the traffic charge was not for driving without a license, and 3) the date of the traffic charge pre-dates the driver's license issue date reported by Defendant.

48.    Plaintiff Egan asserts Count II on behalf of the California Sub-Class, as defined below:

> All members of the Driver's License Dates Class whose reports listed a California address as the consumer's then-current address.

49.    Plaintiff Ratliff brings Count I on behalf of the Pennsylvania Driver's License Class, defined below:

> All natural persons about whom Defendant produced a consumer report within two years of the filing of this matter where the Pennsylvania Department of Transportation's records indicate the person had a valid license prior to the "Issued Date" or "First Issued Date" listed on the report.

50.    This action is brought, and may properly be maintained, as a class action under Cal. Civ. Code § 382 as there is a well-defined community of interest in the litigation and the proposed Classes are ascertainable from Defendant's records.

51.    <u>Numerosity</u>:  The Classes are so numerous that joinder of all class members is impracticable.  Defendant produces reports nationwide, and has produced thousands of reports on consumers during the class period, many of whom disputed inaccuracies similar to Plaintiffs and who are members of the Classes.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

52.     <u>Typicality</u>:  Plaintiffs' claims are typical of the class members' claims. Defendant treated Plaintiffs in the same manner as other class members.

53.     <u>Adequacy</u>:  Plaintiffs will fairly and adequately protect the interests of the Classes, and has retained counsel experienced in complex class action litigation.

54.     <u>Commonality</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes.  These common questions include:

   a.  Whether Defendant willfully violated the FCRA by inaccurately reporting driving history in violation of §1681e(b);

   b.  Whether Defendant is a consumer reporting agency and subject to the requirements of the FCRA;

   c.  The proper measure of statutory and punitive damages; and

   d.  The proper form of declaratory relief.

55.     Class certification is appropriate under Cal. Civ. Code § 382 because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiffs are unaware of any similar claims brought against Defendant by any members of the Classes on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

<u>**COUNT I**</u>
**15 U.S.C. § 1681e(b)**
<u>*Failure to Ensure Maximum Possible Accuracy*</u>
*On Behalf of Plaintiffs and the Classes*

56.     Plaintiffs incorporates the paragraphs above.

57.     Defendant failed to comply with 15 U.S.C. § 1681e(b) by inaccurately reporting how long Plaintiffs and the members of the Classes had held drivers' licenses.

58.     The foregoing violations were negligent.

59.     The foregoing violations were willful.

60.     Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiffs and class members under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

    a.   The language of § 1681e(b) is clear and not subject to misinterpretation.

    b.   Defendant's failure to fully investigate Plaintiff Egan's driving history was unreasonable.  It was clear from the face of the report that Plaintiff Egan had been driving in Florida as early as 2009.  It was therefore manifestly unreasonable to report that Plaintiff Egan had first become licensed in 2015.

    c.   Defendant's practice of not requesting full information from the Pennsylvania Department of Transportation was unreasonable, and resulted in individuals, including Plaintiff Ratliff, being improperly disqualified as lacking a sufficient driving history.

    d.   The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant.

    e.   Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.

    f.   Defendant knew or had reason to know that Defendant's conduct violated the FCRA.

-10-

g.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

61.     Plaintiffs and the Classes are entitled to statutory damages of not less than $100 and not more than $1,000 for this violation.  Plaintiffs are also entitled to punitive damages and to recover costs and attorneys' fees.

<u>**COUNT II**</u>
**Cal. Civ. Code § 1786.20(b)**
<u>*Failure to Follow Reasonable Procedures*</u>
*On Behalf of Plaintiff Egan and the California Sub-Class*

62.     Plaintiffs incorporates the paragraphs above.

63.     Defendant is an "investigative consumer reporting agency" and the report attached as Exhibit B is an "investigative consumer report," both as defined by Cal. Civ. Code § 1786.2.

64.     Pursuant to Cal. Civ. Code § 1786.20(b), Defendant was required to follow reasonable procedures to ensure the maximum possible accuracy of the contents of the report, and the reports of the members of the California Sub-Class.

65.     For the reasons listed above, Defendant failed to meet that obligation.

66.     Pursuant to Cal. Civ. Code § 1786.50(a)(1), Defendant is liable to Plaintiff Egan and California Sub-Class members in the amount of $10,000 each, or actual damages, whichever is greater, as well as attorneys' fees and costs.

67.     Because Defendant's violation was willful, as noted above, Defendant is also liable to Plaintiff Egan and the California Sub-Class for punitive damages.  Cal. Civ. Code § 1786.50(b).

**<u>PRAYER FOR RELIEF</u>**

68.     WHEREFORE, Plaintiffs, on behalf of themselves and the Classes, pray for relief as follows:

a.  Determining that this action may proceed as a class action under Cal. Civ. Code § 382;

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

b.  Designating Plaintiffs as class representatives and designating Plaintiffs' counsel as counsel for the Classes;

c.  Issuing proper notice to the Classes at Defendant's expense;

d.  Declaring that Defendant violated the FCRA and California law;

e.  Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiffs' rights and its obligations under the FCRA and California law;

f.  Awarding actual, statutory and punitive damages as provided by the FCRA and California law; qwarding reasonable attorneys' fees and costs as provided by the FCRA and California law; and

g.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

Date:  October 9, 2017

Carolyn Hunt Cottrell

*Attorneys for Plaintiffs*

-12-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1

**DEMAND FOR JURY TRIAL**

2          Pursuant to Section 16, Article I of the California Constitution, and Cal. Code Civ.

3   Proc. § 631, Plaintiffs and the Classes demand a trial by jury.

4

5                                        Respectfully submitted,
                                         SCHNEIDER WALLACE COTTRELL
6                                        KONECKY WOTKYNS LLP

7

8   Date:  October 9, 2017
                                         Carolyn Hunt Cottrell
9
                                         *Attorneys for Plaintiffs*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

EXHIBIT A

| Report ID | f99b0002a854814cf4d67d37 |
|---|---|
| Full Name | Cornelius Joseph Egan iv |
| Email | ████ @me.com |
| Account | Uber |

## Notice613

**Confidential to be opened by addressee only**

Attn: Cornelius Egan iv

Notice to consumer of request of consumer report

Dear Cornelius,

The purpose of this email is to notify you that Checkr, Inc., a consumer reporting agency, is reporting criminal or other public record information that may be adverse about you to Uber.

This notice is not an indication of Uber's decision regarding your application status.

Your background check is still being processed. A Checkr representative can address any questions or concerns you have regarding the contents of your report as soon as it is complete.

Uber will reach out to you once they have reviewed your finalized report.

If you have any questions about your background check, please email ubersupport@checkr.com

Sincerely,

Checkr, Inc.

## Pre Adverse Action

Sent at: **2015-10-23T22:54:52Z**

<!--[if gte mso 9]|(IE)]>

< [endif]-->



Fri 23 Oct 2015

**Personal & Confidential**

Dear Cornelius Joseph Egan iv:

Enclosed please find a copy of the consumer report that we ordered from Checkr, Inc. with your authorization, in connection with your proposal to enter an independent contractor relationship. Also please find enclosed a summary of your rights under applicable law. Checkr, Inc. is located at 2505 Mariposa Street, San Francisco, CA 94110 and can be reached at 844-533-0807 or disputes@checkr.com.

Please carefully review the consumer report. We will be completing our review of your proposal to enter an independent contractor relationship request within the next few days and, based in whole or in part on the information in the report, may decide not to accept your proposal. The specific records that may disqualify you from an entering an independent contractor relationship with the Company are:

- **SPEEDING STATE POSTED(REQUIRES SPEEDS) 65/50**
- **DRIVER MUST HAVE 1+ YEAR OF LICENSING IF 23 OR OLDER, 3+ YEARS OF LICENSING IF 21 OR 22 YEARS OLD**

If you believe that any of the information in the consumer report is inaccurate or incomplete, please contact Checkr, Inc. within seven business days of receiving this letter.

If you reside or submitted a proposal to enter an independent contractor relationship with the Company in Massachusetts, please also note the following enclosures: (i) a copy of the Company's Massachusetts Criminal Record Information Policy; (ii) the sources of any criminal history records provided to the Company (as reflected in the consumer report); and (iii) information from the Massachusetts Department of Criminal Justice Information Services ("DCJIS") concerning the process for correcting a criminal record.

If we do not hear from you within that time, we will make our determination based on the information currently available to us.

In the event that we choose not to enter into an independent contractor relationship, Checkr, Inc. will provide you such notice.

<div align="center">Uber Technologies Inc.
1455 Market Street San Francisco, CA 94103</div>

<!--[if gte mso 9]|(IE)]>

<![endif]-->

---

**Adverse Action**

Sent at: **2015-10-30T23:00:08Z**

<!--[if gte mso 9]|(IE)]>

< [endif]-->



Fri 30 Oct 2015

**Personal & Confidential**

Dear Cornelius Joseph Egan iv:

We are writing to inform you that we are declining your request for an engagement. Checkr, Inc., a consumer reporting agency, provided the Company with a consumer report in connection with your proposal to enter an independent contractor relationship. The Company's decision to deny your proposal was based in whole or in part on information contained in that consumer report and an individualized assessment of any additional information that you provided us.

The Company considered these specific items when declining your request for an engagement:

- **SPEEDING STATE POSTED(REQUIRES SPEEDS) 65/50**
- **DRIVER MUST HAVE 1+ YEAR OF LICENSING IF 23 OR OLDER, 3+ YEARS OF LICENSING IF 21 OR 22 YEARS OLD**

Checkr, Inc. is located at 2505 Mariposa Street, San Francisco, CA 94110 and can be reached at 844-533-0807 or disputes@checkr.com. Checkr, Inc. did not make the decision to take this action and cannot provide you with information about the Company's decision. Any inquiries regarding that decision should be directed to the undersigned. You, nevertheless, have a right to contact Checkr, Inc. to dispute any information in the consumer report that you believe to be inaccurate or incomplete. You should already have received a copy of the consumer report, but have a right to obtain additional free copies from Checkr, Inc. You have 60 days from the date you receive this notice to request additional free copies of any such reports from Checkr, Inc.

Thank you for your interest in the Company.

<div align="center">Uber Technologies Inc.
1455 Market Street San Francisco, CA 94103</div>

<!--[if gte mso 9]|(IE)]>

<![endif]-->

---

| | |
|---|---|
| Report ID | b6237aed7cf3880d57a3e73b |
| Full Name | Cornelius Joseph Egan |
| Email | ▮▮▮▮@me.com |
| Account | DoorDash |

Applicant's consent (including Authorization and separate Disclosure) are collected and stored by DoorDash

| Report ID | d911d4f37c5b41e5083309a5 |
|---|---|
| Full Name | **Cornelius Joseph Egan iv** |
| Email | ██████@me.com |
| Account | Grubhub |

Applicant's consent (including Authorization and separate Disclosure) are collected and stored by Grubhub

EXHIBIT B

# Report for Cornelius Joseph Egan iv





**Personal information**

| | |
|---|---|
| First Name | Cornelius |
| Middle Name | Joseph |
| Last Name | Egan iv |
| Date of Birth | ████ |
| Social Security # | ████ |
| Zipcode | ██ |
| Driver License | ████ (CA) |
| Prior Driver License | - |
| Email | ███@me.com |
| Phone | ████ |
| Custom ID | 7cd2ae3d-236b-44a4-bd60-d5dd2c684bcf |

**Report information**

| | |
|---|---|
| Package | driver_premium |
| Created at | Oct 12, 2015 5:32:00 PM |
| Completed at | Oct 19, 2015 6:00:04 PM |
| Turnaround time | 7 days |

**Aliases**

CORNELIUS JOSEPH EGAN

**California Applicants/Employees Only:** The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

**Sólo para los Solicitantes/Empleados de California:** En el informe no se garantiza la exactitud o veracidad de la información en cuanto al tema de la investigación, sino sólo que se ha copiado exactamente de los registros públicos, y la información generada como resultado del robo de identidad, incluyendo las pruebas de una actividad delictiva, podría estar incorrectamente asociada con el consumidor que sea el sujeto del informe. Una agencia investigadora de informes de crédito deberá suministrarle a un consumidor que trate de obtener una copia de un informe o solicite revisar un archivo una notificación por escrito en inglés y español lisos y llanos, en la que se establezcan los términos y las condiciones de su derecho a recibir toda la información, como se dispone en la Sección 1786.26.

**Addresses**

| | |
|---|---|
| ████ ESTERO, FL<br>County: LEE | From Oct, 2015 to Oct, 2015 |
| ████ SAN DIEGO, CA<br>County: SAN DIEGO | From May, 2015 to Sep, 2015 |
| ████ SAN DIEGO, CA<br>County: SAN DIEGO | From Jun, 2014 to Jun, 2015 |
| ████ VIRGINIA BEACH, VA<br>County: VIRGINIA BEACH | From May, 2014 to May, 2014 |
| ████ ESTERO, FL<br>County: LEE | From Sep, 2011 to May, 2014 |



SSN Verification                                                      [clear]

Sex Offender Search                                                   [clear]

Terrorist Watchlist Search                                           [clear]

National Criminal Search                                          [consider]

See County Criminal Searches.

Federal Criminal Search                                             [clear]

County Criminal Searches                                         [consider]

[clear]   Virginia Beach, VA

[clear]   San Diego, CA

[consider]   Lee, FL

| SPEEDING STATE POSTED(REQUIRES SPEEDS) 65/50 | | 2009-11-12 |
|---|---|---|
| Case Number | 09-TR-0883383480-RUB | |
| Court Jurisdiction | AOC - FLORIDA-LEE COUNTY - LEE COUNTY COUNTY CRIMINAL | |
| Dob | ▮▮▮▮ | |
| File Date | 2009-11-16 | |
| Full Name | CORNELIUS JOSEPH EGAN | |

| | | |
|---|---|---|
| Charge | SPEEDING STATE POSTED(REQUIRES SPEEDS) 65/50 | |
| Charge Date | 2009-11-16 | |
| Classification | Infraction | |
| Disposition | VOLUNTARY DELINQUENT | |
| Disposition Date | 2009-12-28 | |
| Offense Date | 2009-11-12 | |
| Sentence | TOTAL COST: 257 | |

| SPEEDING STATE POSTED(REQUIRES SPEEDS) 65/50 | | 2009-11-12 |
|---|---|---|
| Case Number | 09-TR-0883383480-RUB | |
| Court Jurisdiction | AOC - FLORIDA-LEE COUNTY - LEE COUNTY COUNTY CRIMINAL | |
| Dob | ▮▮▮▮ | |
| File Date | 2009-11-16 | |
| Full Name | CORNELIUS JOSEPH EGAN | |

| | | |
|---|---|---|
| Charge | SPEEDING STATE POSTED(REQUIRES SPEEDS) 65/50 | |
| Charge Date | 2009-11-16 | |
| Classification | Infraction | |
| Disposition | VOLUNTARY DELINQUENT | |
| Disposition Date | 2009-12-28 | |
| Offense Date | 2009-11-12 | |
| Sentence | TOTAL COST: 257 | |

Motor Vehicle Record                                             [consider]

| | |
|---|---|
| Full name | CORNELIUS JOSEPH EGAN |
| License Status | Valid |
| License Type | PERSONAL |
| License Class | C |
| Expiration Date | 2020-09-04 |
| Issued Date | 2015-09-21 |

**First Issued Date**   2015-01-01

Restrictions
- CORRECTIVE LENSES

**Checkr, Inc.**
2505 Mariposa Street
San Francisco, CA 94110

844-824-3257
support@checkr.com

EXHIBIT C

# Report for Raymond M Ratliff jr

suspended

California Applicants/Employees Only: The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

Sólo para los Solicitantes/Empleados de California: En el informe no se garantiza la exactitud o veracidad de la información en cuanto al tema de la investigación, sino sólo que se ha copiado exactamente de los registros públicos, y la información generada como resultado del robo de identidad, incluyendo las pruebas de una actividad delictiva, podría estar incorrectamente asociada con el consumidor que sea el sujeto del informe. Una agencia investigadora de informes de crédito deberá suministrarle a un consumidor que trate de obtener una copia de un informe o solicite revisar un archivo una notificación por escrito en inglés y español lisos y llanos, en la que se establezcan los términos y las condiciones de su derecho a recibir toda la información, como se dispone en la Sección 1786.26.

Personal information

First Name

Raymond

Middle Name

M

Last Name

Ratliff jr

Date of Birth

████████████

Social Security #

████████████

Geo

pittsburgh

Zipcode

██████

Driver License

██████████████

Prior Driver License

-

Email

████████@hotmail.com

Phone

██████████████

Custom ID

bad2e88d-6e7c-4c2e-9bb7-0d57ab2aff91

## Report information

Package

mvr

Created at

Mar 6, 2016 7:08:44 PM

Completed at

Jan 3, 2017 11:08:24 PM

Full name

-

License Status
Valid Cdl License Status: Valid
License Type

-

License Class
C
Expiration Date
Mar 22, 2020
Issued Date
Jan 28, 2016
First Issued Date

-

Requester Company: Uber

Checkr, Inc.
2505 Mariposa Street
San Francisco, CA 94110

844-824-3257
https://checkr.com/applicant

EXHIBIT D

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
BUREAU OF DRIVER LICENSING
HARRISBURG, PA  17123
03/09/16


RAYMOND RATLIFF                              160699629913944 001

PITTSBURGH, PA

```
                                                       PAGE  1
              PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
                     BUREAU OF DRIVER LICENSING
                     THREE YEAR DRIVING RECORD
                            MAR 09 2016


DRIVER: RAYMOND M RATLIFF JR        DRIVER LICENSE NO  : ███████
        ███████████                 DATE OF BIRTH      : ███████
        CRAFTON, PA  ███████        SEX                : MALE
                                    RECORD TYPE        : REG LICENSE
                                    VETERAN STATUS     : NOT DECLARED
   DRIVER LICENSE (DL)                COMMERCIAL DRIVER LICENSE (CDL)
------------------------------      ------------------------------------
LICENSE CLASS       : C             CDL LICENSE CLASS  :
LICENSE ISSUE DATE: JAN 28 2016     CDL LICENSE ISSUED :
LICENSE EXPIRES   : MAR 22 2020     CDL LICENSE EXPIRES:
                                    CDL ENDORSEMENTS   : NONE
MED RESTRICTIONS  : NONE            CDL RESTRICTIONS   : NONE
LEARNER PERMITS   :                 CDL LEARNER PERMITS:
LICENSE STATUS    : VALID           CDL LICENSE STATUS :

CDL MED SELF CERT :                 CDL LIC DOWNGRADED :
                                    SB ENDORSEMENT     :
   MEDICAL CERTIFICATE (MC)
                                       PROBATIONARY LICENSE (PL)
------------------------------------   --------------------------------
MC STATUS         :                 PL LICENSE CLASS   :
MC RESTRICTIONS   :                 PL LICENSE ORIG ISS :
MC ISSUED         :                 PL LICENSE ISSUED  :
MC EXPIRES        :                 PL LICENSE EXPIRES :
                                    PL LICENSE STATUS  :
   SKILL PERFORMANCE EVALUATION (SPE)
------------------------------------   OCCUPATIONAL LIMITED LICENSE (OLL)
SPE EFFECTIVE    :                  ------------------------------------
SPE EXPIRES      :                  OLL LICENSE CLASS  :
                                    OLL LICENSE ISSUED :
   WAVIER/EXEMPT (W/E)              OLL LICENSE EXPIRES :
------------------------------------   OLL LICENSE STATUS :
W/E EFFECTIVE    :
W/E EXPIRES      :

   MEDICAL EXAMINER (ME)
------------------------------------------------------------------------
ME NAME:                              ME TELEPHONE : (   )   -
                                      ME REGISTRY NO:
                                      ME LICENSE NO:
                                   ME SPECIALITY CODE:
                       ME LICENSING JURISDICTION CODE:




                        *** CONTINUED ***
```

PAGE  2
THREE YEAR DRIVING RECORD - MAR 09 2016 - LICENSE NUMBER ██████ CONTINUED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
REPORT OF VIOLATIONS AND DEPARTMENTAL ACTIONS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NO VIOLATIONS OR DEPARTMENTAL ACTIONS DURING THIS REPORTING PERIOD


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
REPORT OF MEDICALS AND DEPARTMENTAL ACTIONS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NO MEDICALS OR DEPARTMENTAL ACTIONS DURING THIS REPORTING PERIOD


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
REPORT OF ACCIDENTS AND DEPARTMENTAL ACTIONS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NO ACCIDENTS DURING THIS REPORTING PERIOD




*** END OF RECORD ***

EXHIBIT E

DEPARTMENT OF TRANSPORTATION
BUREAU OF DRIVER LICENSING
HARRISBURG, PA  17123
05/15/17


JOSEPH HASHMALL ESQ                          171318713000157 001
43 SE MAIN ST
STE 505
MINNEAPOLIS MN 55414

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
BUREAU OF DRIVER LICENSING
FULL DRIVING RECORD
MAY 15 2017


DRIVER: RAYMOND M RATLIFF JR
        █████████
        CRAFTON, PA    ████

DRIVER LICENSE NO   : ████████████
DATE OF BIRTH       :
SEX                 : MALE
RECORD TYPE         : REG LICENSE
VETERAN STATUS      : NOT DECLARED

  DRIVER LICENSE (DL)
- - - - - - - - - - - - - - - - - - - - - - - - - -
LICENSE CLASS        : C
LICENSE ISSUE DATE: JAN 28 2016
LICENSE EXPIRES    : MAR 22 2020

MED RESTRICTIONS    : NONE
LEARNER PERMITS     :
LICENSE STATUS      : VALID

CDL MED SELF CERT :

  MEDICAL CERTIFICATE (MC)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MC STATUS           :

  COMMERCIAL DRIVER LICENSE (CDL)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CDL LICENSE CLASS   :
CDL LICENSE ISSUED  :
CDL LICENSE EXPIRES :
CDL ENDORSEMENTS    : NONE
CDL RESTRICTIONS    : NONE
CDL LEARNER PERMITS :
CDL LICENSE STATUS  :

CDL LIC DOWNGRADED  :
SB ENDORSEMENT      :

  PROBATIONARY LICENSE (PL)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PL LICENSE CLASS     :
PL LICENSE ORIG ISS  :
PL LICENSE ISSUED    :
PL LICENSE EXPIRES   :
PL LICENSE STATUS    :

OCCUPATIONAL LIMITED LICENSE (OLL)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
OLL LICENSE CLASS    :
OLL LICENSE ISSUED   :
OLL LICENSE EXPIRES  :
OLL LICENSE STATUS   :


*** CONTINUED ***

--------------------------------------------------------------------------------
REPORT OF VIOLATIONS AND DEPARTMENTAL ACTIONS
--------------------------------------------------------------------------------

```
VIOLATION DATE:  AUG 16 1995
VIOLATION:       VEHICLE CODE:  3362
DESCRIPTION:     EXCEEDING MAXIMUM SPEED
                 081 MPH IN A 065 MPH ZONE
CONVICTION DATE: AUG 30 1995
ACTION:          ASSIGNED POINTS
```

--------------------------------------------------------------------------------
REPORT OF MEDICALS AND DEPARTMENTAL ACTIONS
--------------------------------------------------------------------------------


NO MEDICALS OR DEPARTMENTAL ACTIONS DURING THIS REPORTING PERIOD


--------------------------------------------------------------------------------
REPORT OF ACCIDENTS AND DEPARTMENTAL ACTIONS
--------------------------------------------------------------------------------


NO ACCIDENTS DURING THIS REPORTING PERIOD


*** END OF RECORD ***

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Carolyn H. Cottrell (SBN 166977)<br>Schneider Wallace Cottrell Konecky Wotkyns LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>TELEPHONE NO.: 415.421.7100    FAX NO. *(Optional):* 415.421.7105<br>E-MAIL ADDRESS *(Optional):* ccottrell@schneiderwallace.com<br>ATTORNEY FOR *(Name):* Plaintiffs Cornelius Egan and Raymond Ratliff | *FOR COURT USE ONLY* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civic Center Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cornelius Egan & Raymond Ratliff<br>DEFENDANT/RESPONDENT: Checkr, Inc. | |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-17-561786 |

TO *(insert name of party being served):* Defendant Checkr, Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 11, 2017

Jean Hibray
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

   ADR Package, Civil Case Cover Sheet, Notice of Initial Case Management Conference, Early Settlement Program Brochure, Mediation Services Brochure, Expedited Jury Trial Info. Sheet, Case Management Statement Form CM-110

*(To be completed by recipient):*

Date this form is signed: October 23, 2017

John Drury  on behalf of Checkr
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

CASE NUMBER: CGC-17-561786  CORNELIUS EGAN ET AL VS. CHECKER, INC.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** **MAR-14-2018**
>
> **TIME:** **10:30AM**
>
> **PLACE:** **Department 610**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

1   SEYFARTH SHAW LLP
     Pamela Q. Devata (*pro hac vice* forthcoming)
2   pdevata@seyfarth.com
     John W. Drury (*pro hac vice* forthcoming)
3   jdrury@seyfarth.com
     233 South Wacker Drive, Suite 8000
4   Chicago, Illinois 60606-6448
     Telephone: (312) 460-5000
5   Facsimile: (312) 460-7000

6   SEYFARTH SHAW LLP
     Nicole Baarts (SBN 226733)
7   nbaarts@seyfarth.com
     560 Mission Street, 31st Floor
8   San Francisco, California  94105
     Telephone: (415) 397-2823
9   Facsimile: (415) 397-8549

10  Attorneys for Defendant
     CHECKR, INC.

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF SAN FRANCISCO

14

15  CORNELIUS EGAN and RAYMOND            Case No. CGC 17-561786
     RATLIFF, on behalf of themselves and all
16  others similarly situated,            **DEFENDANT CHECKR, INC.'S ANSWER TO**
                                          **PLAINTIFFS' UNVERIFIED CLASS ACTION**
                                          **COMPLAINT**
17                    Plaintiffs,

18         v.
                                          Trial Date:   Not Set
19  CHECKR, INC.,                         Date Action Filed:  October 10, 2017

20                    Defendants.

21

22         Defendant CHECKR, INC. (hereinafter "Defendant"), hereby responds to the allegations set

23  forth in Plaintiffs' CORNELIUS EGAN and RAYMOND RATLIFF  ("Plaintiffs") unverified Class

24  Action Complaint for damages ("Complaint") as follows:

25                              **GENERAL DENIAL**

26         Pursuant to the provisions of section 431.30 of the California Code of Civil Procedure,

27  Defendant denies generally each and every allegation of the unverified Class Action Complaint, and

28

further denies that Plaintiffs, or any individual they seeks to represent, have been damaged in any way by reason of any act or omission of Defendant.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof, except as required by applicable law with respect to the particular defense asserted.  Defendant reserves the right to plead any additional affirmative or other defenses as they become known or available during the pendency of this action.

### FIRST DEFENSE

Plaintiffs' claims and/or the putative class members' claims are barred in whole or in part to the extent they occurred and/or accrued outside the applicable statutes of limitations.

### SECOND DEFENSE

To the extent that Plaintiffs and/or putative class members have failed to mitigate their alleged damages, Plaintiffs and/or the putative class members' claims for relief are barred.

### THIRD DEFENSE

To the extent Plaintiffs' purported class includes individuals who suffered no concrete harm, such individuals lack standing to bring suit against Defendant.

### FOURTH DEFENSE

Any damages sustained by Plaintiffs and/or putative class members were not proximately caused by Defendant.

### FIFTH DEFENSE

Plaintiffs and/or putative class members are not entitled to punitive damages because Defendant made good faith efforts to comply with the FCRA and the ICRAA and Defendant's reading of its obligations under the FCRA and the ICRAA is objectively reasonable and made in good faith.

2

1

2

**SIXTH DEFENSE**

3    Defendant had in place, at all relevant times, the requisite procedures to ensure compliance with

4    its obligations under the FCRA and the ICRAA.

5

6

**SEVENTH DEFENSE**

7    Plaintiffs' claims brought under the ICRAA should be dismissed because courts have recognized

8    the ICRAA is unconstitutionally vague.

9

10

**EIGHTH DEFENSE**

11    Plaintiffs' unverified Class Action Complaint fails to state facts sufficient to support any of the

12    causes of action set forth against Defendant.

13    WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiffs'

14    unverified Class Action Complaint in its entirety and award Defendant any such relief as the Court

15    deems just and proper.

16

17    DATED: November 21, 2017                    Respectfully submitted,

18                                                SEYFARTH SHAW LLP

19

20    By: _____
                                                    Pamela Q. Devata (*pro hac vice* application
21                                                    forthcoming)
                                                    John W. Drury (*pro hac vice* application
22                                                    forthcoming)
                                                    Nicole Baarts
23
                                                    Attorneys for Defendant
24                                                  CHECKR, INC.

25

26

27

28

3

1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California 94105. On November 21, 2017, I served the within document(s):

**DEFENDANT CHECKR, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT**

☐  I sent such document from facsimile machines (213) 270-9601 on November 21, 2017. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with a signed copy of this declaration, in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection for next day delivery with the overnight carrier at San Francisco, California, addressed as set forth below.

☒  by electronically serving the document(s) listed above via Nationwide Legal LLC on the below recipients designated on the Transaction Receipt located on the Nationwide Legal LLC website.

| | |
|---|---|
| Carolyn H. Cottrell | E. Michelle Drake |
| David C. Leimbach | Joseph C. Hashmall |
| Schneider Wallace Cottrell Konecky | Berger & Montague, P.C. |
| Wotkyns LLP | 43 SE Main St., Suite 505 |
| 2000 Powell St., Suite 1400 | Minneapolis, MN 55414 |
| Emeryville, CA 94608 | Email: emdrake@bm.net |
| Email: ccottrell@schneiderwallace.com | jhashmall@bm.net |
| dleimbach@schneiderwallace.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 21, 2017, at San Francisco, California.

_____
Janine McDermott

42545188v.1

1

PROOF OF SERVICE